| | |
|---|---|
| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS CORPUS CHRISTI DIVISION |

| | | |
|---|---|---|
| DARYL LICATINO, DAVID FORD, ILIANA JESSEN, AND PABLO BARRIENTES, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiff(s)*,<br><br>v.<br><br>CTCI AMERICAS, INC, AND CTS-COMPLETE TECHNICAL SERVICES, INC.<br><br>*Defendant(s)*. | § § § § § § § § § § § § § | No. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Daryl Licatino ("Licatino"), David Ford ("Ford"), Iliana Jessen ("Jessen"), and Pablo Barrientes ("Barrientes") (collectively referred to as "Plaintiffs") bring this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendants CTCI Americas, Inc. ("CTCI") and CTS-Complete Technical Services, Inc. ("CTS") (collectively referred to as "Defendants") who worked as construction coordinators, module managers, cost engineers, and mechanical inspectors during the past three years to recover back wages, liquidated damages, attorney's fees, and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

I. Nature of Suit

1. Plaintiffs' claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers …." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. CTCI and CTS violated the FLSA by employing Plaintiffs and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

5. CTCI and CTS violated the FLSA by failing to maintain accurate time and pay records for Plaintiffs and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

6. Plaintiffs bring this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendants who worked as construction coordinators, module managers, cost engineers, and mechanical inspectors.

## II.  Jurisdiction & Venue

7.  The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

8.  Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because a substantial part of the events of omission giving rise to Plaintiffs' claims occurred in this district and division. 28 U.S.C. § 1391(b)(2).

## III.  Parties

9.  Daryl Licatino is an individual who resides in Jefferson County, Texas and who was employed by Defendants during the last three years.

10. David Ford is an individual who resides in Wagoner County, Oklahoma and who was employed by Defendants during the last three years.

11. Iliana Jessen is an individual who resides in Harris County, Texas and who was employed by Defendants during the last three years.

12. Pablo Barrientes is an individual who resides in Bishop County, Texas and who was employed by Defendants during the last three years.

13. CTCI Americas, Inc. is a Texas Corporation that may be served with process by serving its registered agent:

> Mai-Sen Yieh
> 9800 Centre Parkway Ste 154
> Houston, Texas 77036

Alternatively, if the registered agent of CTCI cannot with reasonable diligence be found at the company's registered office, CTCI may be served with process by serving

the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

14. CTS-Complete Technical Services, Inc. is a Texas Corporation that may be served with process by serving its registered agent:

> Barry L. Copeland Jr.
> 14530 Wunderlich Drive Ste. 203
> Houston, Texas 77069

Alternatively, if the registered agent of CTS cannot with reasonable diligence be found at the company's registered office, CTS may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

15. An allegation that Defendants committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

16. According to its website, CTCI is an engineering, procurement, and construction (EPC) company for the oil, gas, and petrochemical industry; it does business in the territorial jurisdiction of this Court. *See* CTCI Americas, Inc. http://www.americas.ctci.com/page.aspx?C=0000 (last visited February 1, 2022).

17. CTS is a staffing agency specializing in placement of services for engineering, design drafting, procurement, field construction, and support personnel for the refining, petrochemical, LNG and offshore industry, it does business in the territorial jurisdiction of this Court. *See* CTS-Complete Technical Services, Inc. https://www.ctstechnical.com/ (last visited February 2, 2022).

18. CTCI decided how many workers it needed and used CTS to locate Plaintiffs and other hourly workers to fill positions requested by CTCI.

19. CTCI and CTS jointly employed Daryl Licatino as a construction coordinator from March 2021 until October 2021 through CTS.

20. CTCI and CTS jointly employed David Ford as a module manager from March 2021 until November 2021 through CTS.

21. CTCI and CTS jointly employed Iliana Jessen as a cost engineer from January 2021 to present through CTS.

22. CTCI and CTS jointly employed Pablo Barrientes as a mechanical inspector from March 2021 until July 2021 through CTS.

13. During Plaintiffs' employment with Defendants, both companies had employees engaged in commerce or in the production of goods for commerce.

14. During Plaintiffs' employment with Defendants, both companies had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by others.

15. During Plaintiffs' employment with Defendants, both companies had an annual gross volume of sales made or business done of at least $500,000.

16. Defendants paid Plaintiffs on an hourly basis.

17. Defendants paid Plaintiffs on a weekly basis by direct deposit.

18. During Plaintiffs' employment with Defendants, they regularly worked in excess of forty hours per week.

19. Defendants knew or reasonably should have known that Plaintiffs worked in excess of forty hours per week.

20. Defendants did not pay Plaintiffs overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

21. Instead, Defendants paid Plaintiffs at their normal hourly rate for all the hours they worked.

22. In other words, Defendants paid Plaintiffs for their overtime at a rate less than one and one-half times the regular rate at which they were employed in violation of the FLSA.

23. Plaintiffs were not exempt from the maximum hour requirements of the FLSA.

24. As construction coordinators, module managers, cost engineers, and mechanical inspectors, Plaintiffs' primary duties were nonexempt.

25. As construction coordinators, module managers, cost engineers, and mechanical inspectors, Plaintiffs' primary duties did not include office or nonmanual work.

26. As construction coordinators, module managers, cost engineers, and mechanical inspectors, Plaintiffs' primary duties were not directly related to the management or general business operations of Defendants or its customers.

27. As construction coordinators, module managers, cost engineers, and mechanical inspectors, Plaintiffs' primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

28. As construction coordinators, module managers, cost engineers, and mechanical inspectors, Plaintiffs did not, in performing their primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

29. As construction coordinators, module managers, cost engineers, and mechanical inspectors, Plaintiffs were, instead, required to follow Defendants' policies, practices, and procedures.

30. As construction coordinators, module managers, cost engineers, and mechanical inspectors, Plaintiffs did not have any independent authority to deviate from Defendant's policies, practices, and procedures.

31. Defendants knew or reasonably should have known that Plaintiffs were not exempt from the overtime provisions of the FLSA.

32. Defendants knew or should have known that Plaintiffs were not exempt from the maximum hour requirements of the FLSA.

33. Defendants willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

34. During Plaintiffs' employment with Defendants, the company did not maintain accurate time and pay records for Plaintiffs as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

35. During Plaintiffs' employment with Defendants, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

36. Defendants continued the pay practices(s) complained of by Plaintiffs without investigation after being put on notice that the pay practice(s) violated the FLSA.

37. Defendants have a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

38. Prior to this lawsuit, Defendants conducted one or more internal investigations which revealed violations similar to the one(s) complained of by Plaintiffs.

39. Because Defendants willfully violated the FLSA, the company is liable to Plaintiffs for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

40. As a result of the FLSA violation(s) described above, Defendants are liable to Plaintiffs for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

41. All construction coordinators, module managers, cost engineers, and mechanical inspectors and all other employees who were paid on an hourly basis and were employed by Defendants during the last three years are similarly situated to Plaintiffs because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from Defendants under 29 U.S.C. § 216(b).

## V.  Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

42. Plaintiffs adopt by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

43. During Plaintiffs' employment with Defendants, they were nonexempt employees.

44. As nonexempt employees, Defendants were legally obligated to pay Plaintiffs "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

45. Defendants did not pay Plaintiffs "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

46. Instead, Defendants paid Plaintiffs on an hourly basis without overtime.

47. If Defendants classified Plaintiffs as exempt from the maximum hour requirements of the FLSA, they were misclassified.

48. As a result of the FLSA violation(s) described above, Defendants are liable to Plaintiffs for back wages equal to the difference between what the company should have paid and what it actually paid.

## VI. Count Two—
## Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

49. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

50. Defendants willfully violated the FLSA because they knew or showed a reckless disregard for whether their pay practices were unlawful.

51. During Plaintiffs employment with Defendants, neither company maintained accurate time and pay records for Plaintiffs as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

## VII. Count Three—
## Collective Action Allegations Under 29 U.S.C. § 216(b)

52. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

53. On information and belief, other employees of Defendants have been victimized by the FLSA violation(s) described above.

54. The employees are similarly situated to Plaintiffs because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

55. Defendants' unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

56. Since Plaintiffs' experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

57. For these reasons, Plaintiffs request that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All construction coordinators, module managers, cost engineers, and mechanical inspectors employed by CTCI and CTS during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were paid on an hourly basis without overtime.

58. Defendants are liable to Plaintiffs and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

59. Plaintiffs have retained counsel who are well-versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of them and all other putative class members.

60. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

61. Plaintiffs are authorized to recover liquidated damages on their claims by statute. 29 U.S.C. § 216(b).

62. Plaintiffs are authorized to recover attorney's fees and costs on their claims by statute. 29 U.S.C. § 216(b).

63. Plaintiffs have retained the professional services of the undersigned attorneys.

64. Plaintiffs have complied with the conditions precedent to recovering attorney's fees and costs.

65. Plaintiffs have incurred or may incur attorney's fees and costs in bringing this lawsuit.

66. The attorney's fees and costs incurred or that may be incurred by Plaintiffs were or are reasonable and necessary.

67. Defendants are liable to Plaintiffs and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## VIII. Prayer

68. Plaintiffs pray for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Plaintiffs and the other laborers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. judgment against Defendants in Plaintiffs' favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interests and costs;

   d. incentive awards for any class representative(s); and

   e. all such other relief and sums that may be adjudged against Defendants in Plaintiffs' favor both individually and on behalf of the putative class members.

- 14 -

        Respectfully submitted,

        MOORE & ASSOCIATES

By: _/s/ Melissa Moore_
        Melissa Moore
        Federal Id. No. 25122
        State Bar No. 24013189
        melissa@mooreandassociates.net
        Curt Hesse
        Federal Id. No. 968465
        State Bar No. 24065414
        curt@mooreandassociates.net
        Lyric Center
        440 Louisiana Street, Suite 1110
        Houston, Texas 77002
        Telephone: (713) 222-6775
        Facsimile: (713) 222-6739

        **ATTORNEYS FOR PLAINTIFFS**

Of Counsel:

Aimara Flores
Federal Id. No. 3685633
State Bar No. 24114893
aimara@mooreandassociates.net